**Vertice Lee MANNING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68682.**

Court of Criminal Appeals of Texas.

July 14, 1982.

Rehearing Denied Sept. 15, 1982.

**942**

Steven McGilberry, Dallas, for appellant.

Henry Wade, Dist. Atty. & Jeffrey B. Keck, Mike Nelson & Jim Jacks, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a probation revocation.

On June 26, 1980, the appellant waived a jury and pled guilty to the charge of delivery of a controlled substance, namely, phenmetrazine. The trial court assessed punishment at five years confinement, probated.

The State filed a motion to revoke probation on January 15, 1981, charging the appellant with violating the condition of his probation that he commit no offense against the laws of this or any other State or the United States, in that on or about January 5, 1981 in Dallas County, the appellant did then and there knowingly, intentionally and unlawfully possess a controlled substance listed in Penalty Group (3), to wit: phenmetrazine.

Following a hearing on the motion on January 30, 1981, the trial court revoked appellant's probation after finding he violated the aforementioned condition of probation.

In ground of error one, the appellant maintains the trial court abused its discretion in revoking his probation, as the evidence was insufficient to support the trial court's finding that the substance seized by the police officers was phenmetrazine.

An examination of the record reveals the following testimony of Officer L. E. Hall was the sole evidence presented by the State to prove the substance seized was phenmetrazine:

"Q. What did you find when you looked inside that foil?

A. I *found* twenty pink tablets, which I *believed* was Preludin.

Q. How long have you been a police officer?

A. For approximately four and a half years.

Q. Have you had an occasion to see tablets which you knew to be Preludin, or later found out were Preludin?

A. Yes, sir, I have.

Q. Based on your experience and your observation, did you *believe* what was in that foil were preludin tablets?

A. Yes, sir, I did." (Emphasis added)

In its brief the State argues that phenmetrazine hydrochloride is marketed in the United States by Boehringer Ingelheim under the tradename "Preludin". The State contends that Boehringer Ingelheim is the only source of such tablets listed in the *Physician's Desk Reference*, (33rd Ed. 1979). The State further contends the evidence was sufficient to establish that Preludin is in fact phenmetrazine as this fact is readily ascertainable from such reference books as *Physician's Desk Reference* from which the trial court can properly take judicial notice of such fact. We do not agree with the State's contention.

Although the State details the appearance of Preludin in its brief, there is no evidence in the record, other than color, showing that the distinctive nature of the tablets seized matched the description of Preludin. We are unable to discern from the record whether the tablets were round, oblong or square. Further, there is no testimony regarding the markings, if any, which appeared on the tablets. An examination of the *Physician's Desk Reference* reveals numerous pink tablets appearing remarkably similar to Preludin. Without more description than is present in the instant record, the introduction of the tablets, or a chemical analysis, we cannot find the officer was able to identify the pills. We, therefore, find the State failed to show by a preponderance of the evidence that the substance possessed was phenmetrazine. See *Duran v. State*, 552 S.W.2d 840 (Tex.Cr. App.1977) (police officer not qualified to testify a brown powdered substance is heroin).

Although we find the evidence is insufficient to support the revocation of probation, the State is not prohibited from re-prosecuting this cause. See *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App.1978).

The order revoking probation is reversed and the cause remanded.