COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-483-CR

 

 

BRANDON KEITH SHAFFER                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                OPINION
ON REHEARING

 

                                              ------------

After reconsidering our prior
opinion on Appellant=s motion for
rehearing, we deny the motion, but withdraw our opinion and judgment dated
November 23, 2005, and substitute the following.








Appellant Brandon Keith
Shaffer appeals his conviction for possession of certain chemicals, namely
pseudoephedrine, with intent to manufacture a controlled substance, namely
methamphetamine.  After the jury
convicted Appellant, he pled true to the enhancement paragraphs that alleged
previous convictions for burglary of a building and burglary of a vehicle, and
the jury assessed a sentence of fifty years= confinement and a $10,000 fine. 
The trial court sentenced Appellant accordingly.  In his three points, Appellant contends that
the evidence was legally and factually insufficient to sustain a conviction for
the offense of possession of pseudoephedrine with the intent to manufacture
methamphetamine, the trial judge abused his discretion in admitting, over
objection, hearsay evidence that the labeling on the packages could serve as
proof of the contents of the package, and Texas Health and Safety Code Section
481.124 (a)(2) is unconstitutional.  We
affirm.

FACTUAL BACKGROUND








On November 21, 2003, Wichita
Falls Police Officer Joe Lemond stopped Appellant=s vehicle for speeding.  Officer
Lemond radioed for a records check of Appellant and also requested that a dog
handler respond to the scene.  Sergeant
Joe Snyder arrived at the scene with a dog certified in narcotic detection and
began walking the dog around the vehicle. 
The dog indicated that he detected something inside the vehicle.  A search of the inside of the vehicle
revealed a partially smoked marihuana cigarette and a bag containing six cans
of lighter fluid, eight lithium batteries, and twenty-four bottles of cold
medicine containing pseudoephedrine. 
After finding these items, the officers arrested Appellant, and the
grand jury returned an indictment charging him with possession of
pseudoephedrine with the intent to manufacture methamphetamine.

The State alleged that
Appellant possessed the chemical precursor pseudoephedrine, which was marked as
an ingredient on the twenty-four bottles of AMax Brand@ cold
medicine seized from Appellant=s vehicle.  At trial, the State
offered the two boxes which contained twelve sealed bottles of AMax Brand@ cold
medicine tablets.  The labeling on the
bottles identified the cold medicine as containing pseudoephedrine, sixty
milligrams.  The State relied upon the
labeling as proof that the tablets contained pseudoephedrine, and Appellant
objected, complaining that the labeling was hearsay.  The trial court overruled Appellant=s objection and the bottles were admitted into evidence.

LEGAL AND FACTUAL SUFFICIENCY








In his first point, Appellant
asserts that the evidence was legally and factually insufficient because the
evidence as to the proof of a chemical precursor and the intent to manufacture
methamphetamine was inadequate to sustain Appellant=s conviction.  Appellant
contends that the State=s failure to
offer any scientific or expert testimony identifying the nature of the alleged
chemical precursor, pseudoephedrine, relying instead exclusively on the labels
on the bottles, resulted in legally and factually insufficient evidence that
the substance seized was pseudoephedrine. 
Additionally, Appellant complains that the evidence is legally and
factually insufficient to prove that Appellant had the requisite intent to
manufacture a controlled substance.

1. Legal Sufficiency Standard
of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In determining the legal
sufficiency of the evidence to show appellant's intent, and faced with a record
that supports conflicting inferences, we Amust presumeCeven if it
does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991). 
We must consider all the evidence admitted at trial, even improperly
admitted evidence, when performing a legal sufficiency review.  Moff v. State, 131 S.W.3d 485, 489-90
(Tex. Crim. App. 2004).  

2. Factual Sufficiency
Standard of Review








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 

In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482. 

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 

3. Proof of Chemical
Precursor








Appellant complains that the
trial court erroneously admitted, over objection, hearsay evidence that the
labeling on the packages could serve as proof of the contents of the
package.  The State asserts that, by
conceding to the jury that the substance in question was pseudoephedrine,
Appellant is judicially estopped from claiming otherwise on appeal.  Alternatively, the State contends that the
evidence is legally and factually sufficient to establish that the alleged
chemical precursor was in fact pseudoephedrine and that the pseudoephedrine was
possessed with the intent to manufacture a controlled substance.

The State cites Davidson
v. State for the proposition that Appellant is judicially estopped from
claiming on appeal that the State failed to prove the substance in question was
pseudoephedrine because Appellant conceded that the substance was in fact
pseudoephedrine.  See 737 S.W.2d
942, 948 (Tex. App.BAmarillo
1987, pet. ref=d).  Davidson stands for the proposition
that a party may use a formal judicial admission made by party opponent as a
substitute for evidence if the statement is clear, definite, and
unambiguous.  Id. 

In urging that Appellant
judicially admitted the substance was pseudoephedrine, the State points to the
fact that during closing arguments, defense counsel stated: 








Now,
naturally some of the elements of the offense we=re
not going to dispute. . . . Sergeant Snyder testified that that=s the
individual they stopped.  Element of the
offense, that Mr. Shaffer was involved. 
That this contraband or evidence that they seized whatever you [want to]
call it, is pseudoephedrine.  Nobody
tested it, therefore you=re
going to have to look at it and make that determination for yourself.  I=m not putting that much in
issue there.

 

The State contends that
through this statement, Appellant conceded that this substance was in fact
pseudoephedrine.  We disagree because we
do not believe that the statement made during closing arguments was so clear,
definite, and unambiguous as to constitute a judicial admission.








Appellant contends that the
labeling on the AMax Brand@ cold medicine bottles was not sufficient to prove that the substance
was in fact pseudoephedrine; Appellant asserts that the only type of evidence
sufficient to support a conviction for possessing contraband of a chemical
nature is expert scientific testimony. 
To support this contention, Appellant directs us to three cases.  The first two cases deal with the necessity
of expert testimony in identifying a white, powdery substance as cocaine.  See Bright v. State, 556 S.W.2d 317,
321-22 (Tex. Crim. App. 1977) (disallowing a lay witness=s testimony that a given substance was heroine on the basis that an
experienced narcotics officer could not testify in that regards), overruled
on other grounds, McClenan v. State, 661 S.W.2d 108 (Tex. Crim. App.
1983); Steele v. State, 681 S.W.2d 129, 131 (Tex. App.BHouston [14th Dist.] 1984, pet. ref=d) (requiring expert testimony to establish that the white, powdery
substance was cocaine and if so, to show its weight).  We believe the present case is
distinguishable from these cited cases, because the cold medication was
discovered in its original, sealed packaging. 








The final case cited by
Appellant lends the greatest support to his argument that the only type of
evidence sufficient to support a conviction for possessing a dangerous drug or
controlled substance is through the introduction of expert scientific
testimony, but the case is distinguishable from the case at bar.  See Manning v. State, 637 S.W.2d 941
(Tex. Crim. App. 1982).  In Manning,
the court of criminal appeals found the evidence the State presented to establish
the substance seized was phenmetrazine, a controlled substance, was
insufficient.  Id. at 942.  An officer testified that he found
twenty-four pink tablets that he believed to be APreludin.@  Id. 
On appeal, the State argued that phenmetrazine hydrochloride is
marketed in the United States under the trade name Preludin and is the only
source of such tablets listed in the Physician=s Desk Reference, from which the trial
court could properly take judicial notice of the fact.  Id. at 943.  Looking to the record, the court of criminal
appeals found no evidence, other than color, showing that the distinctive
nature of the tablets matched the description of Preludin, and an examination
of the Physician=s Desk Reference yielded numerous
tablets similar to Preludin.  Id.  Therefore, the court of criminal appeals
determined that the State failed to prove by a preponderance of the evidence
that the substance possessed was phenmetrazine. 
Id.

We believe the cited cases
are distinguishable from the present case because the cold medicine Appellant
possessed was contained in sealed packages. 
Additionally, as discussed below, the labeling on the packages reliably
established that the cold medicine contained pseudoephedrine.  We hold that this evidence is legally and
factually sufficient to prove that Appellant was in possession of the chemical
precursor pseudoephedrine. 

4.  Intent to Manufacture

Appellant contends that the
mere possession of lithium batteries, starter fluid, and the AMax Brand@ cold
medicine containing pseudoephedrine is insufficient to prove beyond a
reasonable doubt Appellant=s intent to manufacture methamphetamine.  Appellant contends that a person could
innocently possess these items without intending to engage in criminal
behavior.

A person acts with intent
with respect to the nature of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.  Tex.
Penal Code Ann. ' 6.03(a)
(Vernon 2003).  Intent can be inferred
from the acts, words, and conduct of the accused.  Dues v. State, 634 S.W.2d 304, 305 (Tex.
Crim. App. 1982). 








Police seized twenty-four
bottles of cold medicine containing pseudoephedrine, eight lithium batteries,
and six cans of starter fluid from Appellant=s car.  The State called Officer
John Spragins, who is specially trained in narcotics investigation,
specifically in investigating methamphetamine laboratories, and who teaches law
enforcement officers concerning the investigation of methamphetamine
laboratories, to testify regarding the manufacturing of methamphetamine.  Officer Spragins testified that the items
officers found in Appellant=s possession are used to manufacture methamphetamine.  He further testified that the particular
brand of starter fluid that Appellant possessed was a brand that is preferred
by manufacturers of methamphetamine because it contains less oil than other
brands. 

Additionally, Appellant
possessed an amount of cold medication containing pseudoephedrine that is
inconsistent with personal use.  Police
seized two boxes of pseudoephedrine, containing twenty-four bottles.  Each bottle contained thirty-six tablets,
amounting to a total of 864 tablets. 
Officer Spragins testified that this quantity of pseudoephedrine was
sufficient to manufacture a sizeable amount of methamphetamine. 








The trier of fact has the
responsibility to weigh the evidence and draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789. 
Appellant=s possession
of such a large amount of pseudoephedrine, as well as the starter fluid and
lithium batteries, leads to an inference that Appellant possessed the
pseudoephedrine with the intent to manufacture methamphetamine.  Giving proper deference to the fact finder=s determinations and without substituting our judgment for that of the
fact finder=s, we hold
that the evidence is legally and factually sufficient to support a finding of
guilt beyond a reasonable doubt.  We
overrule Appellant=s first point.

ADMISSIBILITY

In his second point,
Appellant contends that the trial court abused its discretion in admitting,
over counsel=s objection,
hearsay evidence that the labeling on the packages could serve as proof of the
contents of the package. The State contends that the federally mandated
labeling of the package provided proof that the substance was pseudoephedrine;
therefore, the State was authorized to use the labeling as proof pursuant to
Texas Rules of Evidence 803(17) and 902(7). 








We review the trial court's
admission of evidence under an abuse of discretion standard.  Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1991) (op. on reh'g). 
If the trial court's decision to admit the evidence lies within the zone
of reasonable disagreement, then the decision must be upheld.  Id. at 391; Rankin v. State,
974 S.W.2d 707, 718 (Tex. Crim. App. 1998) (op. on reh'g). 

The labeling constitutes
hearsay because it is an extrajudicial assertion offered to prove the truth of
the matter asserted that the tablets contain pseudoephedrine.  See Tex.
R. Evid. 801(d).  Hearsay is
inadmissible unless some other rule or statute permits introduction.  Tex.
R. Evid. 802.  Appellant contends
that no exception permits the introduction of the labels as a method of proving
the chemical contents of the bottles. 
The State suggests that Rule 803(17) furnishes the requisite exception. 








Rule 803(17) provides, as an
exception to the rule against the admission of hearsay, A[m]arket quotations, tabulations, lists, directories, or other
published compilations, generally used and relied upon by the public or by
persons in particular occupations.@  Tex. R. Evid. 803(17). 
The cold medication label constitutes a list of the medication it
contains; therefore, we must determine whether the list is generally used and
relied upon by the public.  See
id.  Federal regulations provide
extensive requirements for the labeling of drugs, including the established
name and quantity of the active ingredients, which suggests that the cold
medication labels are accurate and trustworthy. 
See 21 U.S.C. ' 352(e) (1999).[1]  

The fact that the cold
medicine was contained in bottles that remained unopened indicates that the
contents had not been changed since the manufacturer bottled them.  The labeling on the packages indicating that
the cold medicine contained pseudoephedrine was sufficiently reliable to
establish that the cold medicine did in fact contain pseudoephedrine.  We hold that the trial court did not abuse
its discretion in admitting the labels as substantive proof that the cold
medicine contained pseudoephedrine. We overrule Appellant=s second point.

CONSTITUTIONALITY








In his third point, Appellant
complains that Texas Health and Safety Code Section 481.124 (a)(2) is
unconstitutional; specifically, he contends that it violates the Due Process
Clause of the Fourteenth Amendment to the United States Constitution because it
is vague and indefinite.  See U.S. Const. amend. XIV.  He asserts that the statute fails to
delineate the forbidden conduct that must be avoided, in that no ordinary
person would ever know whether he or she was subject to arrest and prosecution
because no certain quantity of pseudoephedrine is prohibited, and the statute
permits arbitrary and erratic arrests and convictions because the possession of
pseudoephedrine may be subjectively enforced by law enforcement officials any
time they discover pseudoephedrine in a person=s possession.  The State
contends that Appellant has failed to preserve this point for our review
because he first raised the issue in an untimely filed amended motion for new
trial.

There are two types of
challenges to the constitutionality of a statute: the statute is
unconstitutional as applied to the defendant, or the statute is
unconstitutional on its face.  Fluellen
v. State, 104 S.W.3d 152, 167 (Tex. App.CTexarkana 2003, no pet.).  The
constitutionality of a statute as applied must be raised in the trial court in
order to preserve error.  Curry v.
State, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).  








Under the Texas Rules of
Appellate Procedure, a motion for new trial must be filed within thirty days of
the date that the sentence was imposed or suspended in open court.  Tex.
R. App. P. 21.4.  An amended
motion for new trial may be filed within thirty days after the date the trial
court imposes or suspends the sentence in open court but before the court
overrules any preceding motion for new trial, but an amended motion for new
trial cannot be considered if it is filed after this thirty-day time period.  Id.; see also Rangel v. State,
972 S.W.2d 827, 838 (Tex. App.CCorpus Christi 1998, pet. ref=d); Johnson v. State, 925 S.W.2d 745, 747 (Tex. App.CFort Worth 1996, pet. ref=d); Kiser v. State, 788 S.W.2d 909, 915 (Tex. App.CDallas 1990, pet. ref=d).

The trial court sentenced
Appellant in open court on July 28, 2004. Appellant timely filed his first
motion for new trial and a second motion for new trial, but made no mention of
his constitutionality challenge. 
Appellant then filed a third motion for new trial, in which he asserted
his constitutionality challenge.  The
deadline for filing all motions for new trial in the present case was August
27, 2004, but the certificate of service reflects that the third motion for new
trial, alleging the constitutionality challenge, was mailed on August 28, 2004
and was filed in the trial court on August 30, 2004.  See Tex.
R. App. P. 21.4.  Appellant
untimely filed his last motion for new trial; therefore, to the extent that
Appellant is asserting an as-applied constitutional challenge, we hold that he
has not preserved error for our review.








Appellant was not required,
however, to raise in the trial court a constitutional challenge that the
statute is facially invalid, because a defendant may raise a constitutional
challenge to the facial validity of a statute for the first time on
appeal.  Garcia v. State, 887
S.W.2d 846, 861 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1005
(1995).  Accordingly, we will address
Appellant's argument that the statute he was convicted under is unconstitutionally
void for vagueness.  See id.  

When reviewing the
constitutionality of a statute, we presume that the statute is valid and that
the legislature has not acted unreasonably or arbitrarily in enacting it.  Ex parte Granviel, 561 S.W.2d 503, 511
(Tex. Crim. App. 1978); Sisk v. State, 74 S.W.3d 893, 901 (Tex. App.CFort Worth 2002, no pet.).  It
is the challenger's burden to show that the statute is unconstitutional.  Webb v. State, 109 S.W.3d 580, 582 (Tex.
App.CFort Worth 2003, no pet.).  The
statute must be upheld if a reasonable construction can be ascertained that
will render the statute constitutional and carry out the legislative
intent.  Ely v. State, 582 S.W.2d
416, 419 (Tex. Crim. App. [Panel Op.] 1979); Sisk, 74 S.W.3d at 901.

To pass a vagueness
challenge, a criminal statute must give a person of ordinary intelligence a
reasonable opportunity to know what is prohibited.  Grayned v. Rockford, 408 U.S. 104,
108, 92 S. Ct. 2294, 2298 (1972); Long v. State, 931 S.W.2d 285, 287
(Tex. Crim. App. 1996).  Further, the law
must establish determinate guidelines for law enforcement.  Long, 931 S.W.2d at 287. 








A facial challenge to a
statute is the most difficult challenge to mount successfully because the
challenger must establish that no set of circumstances exists under which the
statute will be valid.  Santikos v.
State, 836 S.W.2d 631, 633 (Tex. Crim. App.) (op. on reh=g), cert. denied, 506 U.S. 999 (1992).  Because a statute may be valid as applied to
one set of facts and invalid as applied to another, it is incumbent upon the
appellant to first show that in its operation the statute is unconstitutional
as to him in his situation; that it may be unconstitutional as to others is not
sufficient.[2]  Id.; Fluellen, 104 S.W.3d at
167.  In determining whether a statute
provides adequate guidelines for its enforcement, the reviewing court may
consider hypothetical situations to determine whether the guidelines are
adequate.  Margraves v. State, 34
S.W.3d 912, 921 (Tex. Crim. App. 2000). 
Initially, though, if there is no constitutional defect in the
application of the statute to a litigant, he does not have standing to argue
that it would be unconstitutional if applied to third parties in hypothetical
situations.  Sankitos, 836 S.W.2d
at 633. 

The statute in question provides in pertinent part as follows: 

 








(a) A
person commits an offense if, with the intent to unlawfully manufacture a
controlled substance, the person possesses or transports: 

(1) anhydrous ammonia; 

(2)
an immediate precursor; or

(3) a chemical precursor or an additional chemical substance named as
a precursor by the director under Section 481.077(b)(1).

 

Tex. Health & Safety
Code Ann. ' 481.124 (Vernon Supp. 2005). 
Section 481.077 regulates the selling and distribution of chemical
precursors, which, under the health and safety code, include
pseudoephedrine.  Id. '' 481.002(51), 481.077.








Appellant was charged with
violating section 481.124 by possessing pseudoephedrine with the intent to
manufacture a controlled substance. Appellant asserts that this statute fails
to instruct ordinary people with any level of precision as to what conduct must
be avoided in order to avert arrest and prosecution.  Additionally, Appellant complains that the
statute fails to outlaw any particular quantity of pseudoephedrine that would
trigger an arrest and subsequent prosecution. 
We disagree.  The clear language
of the statute does not proscribe the mere possession of pseudoephedrine;
rather, it prohibits the possession of pseudoephedrine with the intent to
manufacture methamphetamine.  See id.
' 481.124.  Thus, any person of
ordinary intelligence would understand that it is not the mere possession of
pseudoephedrine that is prohibited, but it is the possession of pseudoephedrine
coupled with the intent to manufacture methamphetamine that is unlawful.  See id.  Therefore, the possession of any quantity of
pseudoephedrine, if the possessor has the intent to manufacture
methamphetamine, will lead to a violation of this statute.  See id. 
As previously discussed, the evidence presented was sufficient for
the jury to infer that Appellant possessed these items with the intent to
manufacture methamphetamine; therefore, the statute is not unconstitutionally
vague as applied to him.  

Appellant also asserts that
the statute punishes lawful conduct that does not amount to more than mere
preparation, and thus, the statute would never pass muster under the criminal
attempt statute.  See Tex. Penal Code Ann. ' 15.01(a) (Vernon 2003).  He
contends that because mere preparation is insufficient to sustain a conviction
for criminal attempt, the statute subjects people to arbitrary and erratic
enforcement in that it prosecutes something that does not amount to more than
mere preparation.  He cites no authority
for the proposition that the challenged statute should pass muster under the
criminal attempt statute.[3]









Texas Health and Safety Code
section 481.124 prohibits the possession of certain items with the intent to
manufacture controlled substances.  It is
not the manufacturing of these controlled substances the statute prohibits, but
rather it is the possession of the items necessary for the manufacturing of
these drugs combined with the intent to manufacture controlled substances that
is prohibited.  The offense for which
Appellant was convicted  is a completely
separate offense from the offense of attempted manufacture of
methamphetamine.  Appellant has failed to
demonstrate how the statute unconstitutionally permits arbitrary and erratic
enforcement.








Appellant further complains
that the statute permits arbitrary and erratic arrests because the possession
of pseudoephedrine may be subjectively enforced by law enforcement officials
anytime they discover pseudoephedrine in the possession of speeding motorists
or others.  Here, Appellant contends that
the statute was arbitrarily applied to him because the arresting officer
recognized him when he stopped Appellant and on that basis called a dog unit to
respond to the scene.  Appellant never
complained on appeal about the traffic stop, the officer=s probable cause to search, or the manner in which the search was
conducted.  Furthermore, the mere fact
that the officer recognized Appellant does not show that he arbitrarily
arrested Appellant for the possession of pseudoephedrine with the intent to manufacture
methamphetamine.  The officer determined
that the amount of pseudoephedrine Appellant possessed was inconsistent with
personal use.  Additionally, the officer
noted that Appellant possessed both lithium batteries and starter fluid, both
used for the manufacturing of methamphetamine. 
Therefore, we conclude that the statute was not unconstitutional as
applied to Appellant.  Because the
statute was not unconstitutional as applied to Appellant, he cannot establish
that the statute operates unconstitutionally as to all convicted persons.  Thus, Appellant has failed to establish that
under no set of circumstances would the statute be valid.  See Santikos, 836 S.W.2d at 633.  Accordingly, we overrule Appellant=s third point.

CONCLUSION

Having overruled Appellant=s three points, we affirm the trial court=s judgment.

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  HOLMAN, GARDNER, and MCCOY, JJ.

 








PUBLISH

 

DELIVERED:  January 19, 2006











[1]
Indiana, Mississippi, and Iowa have rules of evidence identical to Texas Rule
of Evidence 803(17).  In cases factually
similar to the case at bar, the highest courts of these states have determined
that the labeling on drug containers is sufficiently reliable as to constitute
an exception to the ban on the admission of hearsay. Reemer v. State,
835 N.E.2d 1005, 1006-09 (Ind. 2005);  Burchfield
v. State, 892 So.2d 191,198-200 (Miss. 2004); State v. Hueser, 661
N.W.2d 157, 163-65 (Iowa 2003).





[2]A
limited exception has been recognized for statutes that broadly prohibit speech
protected by the First Amendment, but such a statute is not at issue here.  See Sankitos, 836 S.W.2d at 633.





[3] We
note that the penal code also contains statutes that prohibit the possession of
certain items with the intent to use the items in a particular manner.  See, e.g., Tex. Penal Code Ann. ' 43.26(e)(Vernon 2003)
(outlawing the possession of child pornography with the intent to promote child
pornography); Tex. Penal Code Ann.
'
46.09 (Vernon 2003) (precluding the possession of components of an explosive
weapon with the intent to combine the components into an explosive weapon for
use in a criminal endeavor).