**Affirmed and Memorandum Opinion filed July 7, 2022.**



In The

# Fourteenth Court of Appeals

---

### NOS. 14-21-00160-CR
### 14-21-00161-CR

---

### JOHNATHAN WAYNE SWALLOW, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 149th District Court
### Brazoria County, Texas
### Trial Court Cause Nos. 80135-CR, 80896-CR

---

## MEMORANDUM OPINION

Appellant Johnathan Wayne Swallow appeals from the trial court's revocation of his deferred adjudication community supervision and adjudication of his underlying offenses. Appellant was originally charged with and pleaded guilty to one count each of aggravated sexual assault of a child and indecency with a child. Pursuant to a plea bargain agreement, he received ten-years deferred adjudication community supervision in each cause. The State filed motions to

adjudicate guilt alleging violations of appellant's conditions for community supervision, and appellant pleaded not true to the allegations. After a hearing on the motions, the trial court found four violations true, adjudicated appellant's guilt, and sentenced him to 30 years in prison for aggravated sexual assault of a child and 10 years in prison for indecency with a child. In two issues, appellant contends the State failed to prove the violations by a preponderance of the evidence and the trial court erred in admitting hearsay evidence at the hearing. We affirm.

## *Background*

The conditions of appellant's community supervision required among other things that he "totally abstain from the use or consumption of . . . any substance capable of causing intoxication, or the illegal use of any controlled substance." In its motions to adjudicate guilt, the State alleged among other things that on or about July 29, 2020 and August 10, 2020, appellant "failed to totally abstain from the use or consumption of a substance capable of or calculated to cause intoxication or the illegal use of a controlled substance . . . namely, AMPHETAMINE[ and] METHAMPHETAMINE." Appellant pleaded "not true" to the allegations.

The only witness called at the hearing on the motions to adjudicate was Brazoria County Adult Probation Officer Glenda Pigrenet, who testified that she supervised appellant for the probation department. According to Pigrenet, she usually met with appellant twice a month but they would meet more often when violations occurred. Most of the meetings were over the phone due to COVID-19, but she did meet with appellant in person on September 1, 2020. Prior to that meeting, appellant had called Pigrenet and tearfully told her that he needed to talk to her because he was tired of lying to her and his therapist about his drug use. Specifically, appellant told Pigrenet that he used amphetamine and

2

methamphetamine on July 29 and August 10, 2020. Appellant then completed an admission form and a monthly report form indicating he had violated the terms of his community supervision.

The trial court admitted both forms into evidence. According to Pigrenet, on the monthly report form, appellant circled the letter "Y" next to the question, "Have you violated any term/condition of your Probation?" and wrote "[d]rug use" in the space following the question. Pigrenet then wrote "Amphetamine/Methamphetamine" in the blank and added in the notes section of the document that appellant had used the drugs twice with a coworker, he had experienced some depression but was not using the drugs to cope with the depression, and he had "diluted way too much water at work." Both appellant and Pigrenet signed the monthly report form.

On the admission form, it states that appellant admits to the "illegal use" of amphetamine and methamphetamine on July 29 and August 10, 2020. Appellant then hand wrote in the explanation section of the form, "One line each time. I used to get energy for work." Again, both appellant and Pigrenet signed the form.

Pigrenet additionally explained in her testimony that appellant said he worked for a fencing company and was having difficulty keeping up with younger workers in the heat and needed more energy. Pigrenet stated that the drug use violated the terms of appellant's probation.

Toward the end of her testimony, the State asked Pigrenet about a meeting she had with appellant on February 9, 2021. At that point, the following exchange occurred,

Q     And what was the purpose of meeting with the defendant on February 9, 2021?

A     I had received drug test results—

3

[Defense counsel]: Objection, Your Honor; hearsay and lack of personal knowledge. She's testifying as to what she received from someone else, Your Honor.

THE COURT:     Overruled.

Q (By [the State])  You may answer.

A     I received the report that his drug test, the creatine level was abnormal, which indicates that somehow—

[Defense counsel]: Objection; hearsay and lack of personal knowledge. She's not an expert, Your Honor.

THE COURT:     Sustained as to what they indicate.

Pigrenet said that because of the test results, she asked appellant to report in person that day, which he did. The questioning then continued,

Q     Can you tell the Court what occurred or what the defendant told you during that meeting as related to that result?

A     I showed him the results, and I explained how to look at the form to see the creatine levels—

[Defense counsel]: Objection, Your Honor, as to hearsay. And it's discussing what a report may have shown, and it's just trying to get that evidence admitted.

THE COURT:     . . . I'm going to overrule your objection, but I will not allow the testimony about what the report showed. I will allow the defendant's response to whatever the report was.

     You may proceed.

A     Mr. Swallow's response was that he had not altered his drug test in any way.

Q (By [the State])  And based on the defendant's response, what did you then do?

A     I explained to him that I would need to notify the court of those test results and then I—if I got the—he took another drug test that

4

afternoon. And I was hoping to get the results from that, but I don't have it yet. And I told him that if I received them, I would call him and tell him.

At the conclusion of the hearing, the trial court found the four alleged violations for drug use on July 29 and August 10, 2020 to be true. The court revoked appellant's deferred adjudication community supervision, adjudicated him guilty of aggravated sexual assault of a child and indecency with a child and sentenced him respectively to 30 years and 10 years in prison for the two offenses.

### *Sufficiency of the Evidence*

As stated, in his first issue, appellant asserts that the State failed to prove by a preponderance of the evidence that he failed to totally abstain from the use or consumption of a substance capable of or calculated to cause intoxication or the illegal use of a controlled substance, namely methamphetamine and amphetamine. We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). A revocation hearing is not a criminal prosecution, and the degree of proof required to establish the truth of the allegation is not the same. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). Specifically, in a revocation hearing, the State must prove by a preponderance of the evidence that the defendant violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763. The State satisfies this burden of proof when the greater weight of credible evidence before the trial court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of community supervision. *Id*. We view the evidence from the hearing in the light most favorable to the trial court's order. *Guerrero v. State*, 554 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The trial court is the sole trier of fact and determines the credibility of witnesses and the weight to be given to their testimony. *Id*. A trial court abuses its

discretion in revoking community supervision if the State failed to meet its burden of proving by a preponderance of the evidence that appellant violated a condition. *Id.* at 273–74. Proof of a single violation is sufficient to support a revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Appellant specifically argues that despite Pigrenet's testimony and the two forms on which appellant admitted violating the conditions of his community supervision and illegally using amphetamine and methamphetamine on two occasions, the State failed to provide proof that appellant failed to abstain from the use or consumption of a controlled substance. In support, appellant highlights the fact that the State did not offer into evidence any proof appellant had amphetamine or methamphetamine in his system, such as hair follicle or urine laboratory tests, citing *Manning v. State*, 637 S.W, 2d 941 (Tex. Crim. App. 1982).

In *Manning*, the motion to revoke probation alleged the defendant had committed another offense while on parole, namely possession of a controlled substance, phenmetrazine. *Id.* at 942. The sole evidence of the nature of the substance seized came from the police officer who seized it, who said he "believed" it was Preludin, which the State asserted in its briefing was a tradename for phenmetrazine. *Id.* In holding the evidence was insufficient, the Court emphasized the lack of evidence demonstrating the seized pills—which the Court noted matched the description of numerous other medicines in the Physician's Desk Reference—were actually phenmetrazine. *Id.* at 943 ("Without more description than is present in the instant record, the introduction of the tablets, or a chemical analysis, we cannot find the officer was able to identify the pills.").

Here, in contrast, appellant both orally and in writing admitted using the specific controlled substances, amphetamine and methamphetamine, on two occasions and did not contest the nature of the substances during the hearing.

6

Numerous cases have upheld revocation based on similar or even less evidence. *See, e.g.*, *Cunningham v. State*, 488 S.W.2d 117, 121-22 (Tex. Crim. App. 1972) (holding testimony of probation officer that defendant admitted using narcotics was sufficient to revoke probation for violation of condition that he abstain from use of narcotics); *Dominguez v. State*, No. 08-20-00193-CR, 2021 WL 5879195, at *4 (Tex. App.—El Paso Dec. 13, 2021, no pet.) (not designated for publication) (holding testimony defendant admitted to using methamphetamine and his signed confession supported revocation of community supervision on that ground); *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) (holding testimony of probation officer and social worker that defendant admitted to using cannabinoids was sufficient to support revocation on that basis); *Hernandez v. State*, 704 S.W.2d 909, 910 (Tex. App.—Waco 1986, no pet.) (holding evidence defendant admitted to his probation officer he had been drinking alcohol supported revocation of probation on that ground).

Appellant additionally insists that the only evidence supporting revocation was Pigrenet's hearsay testimony and such evidence was insufficient. This statement, however, is inaccurate on two counts. First, it ignores the two forms that appellant signed admitting he illegally used the controlled substances. Second, Pigrenet's recounting of what appellant said was not hearsay as it was a statement by a party opponent. *See* Tex. R. Evid. 801(e)(2); *Trejo v. State*, 594 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

The evidence was sufficient to support the trial court's finding that appellant violated the conditions of his community supervision by illegally using amphetamine and methamphetamine on two occasions. Accordingly, we overrule appellant's first issue.

### *Hearsay Objection*

7

In his second issue, appellant contends that the trial court abused its discretion when it overruled defense counsel's hearsay objection when Pigrenet was testifying regarding a meeting she had with appellant regarding the results of a drug test. We review a trial court's decision to admit evidence over objection under an abuse-of-discretion standard. *McCarty v. State*, 257 S.W.3d 238, 240 (Tex. Crim. App. 2008). A trial court abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id.* Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *See* Tex. R. Evid. 801(d); *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). Texas Rule of Evidence 802 prohibits using hearsay statements as evidence in a trial unless the statement fits into an exception designated by statute, the rules of evidence, or another rule prescribed under statutory authority. Tex. R. Evid. 802.

Appellant asserts that the trial court "allowed Ms. Pigrenet to testify about alleged diluted or altered drug tests." He then cites a range of pages wherein the court sustained one hearsay objection and responded to a second hearsay objection by stating that she would not allow testimony regarding what the drug test report showed but would allow testimony regarding how appellant responded to the report. In other words, the court appeared to agree with appellant that Pigrenet should not be allowed to testify regarding the substance of "alleged diluted or altered drug tests." Appellant does not identify any specific testimony that was admitted over objection. Appellant also does not cite any relevant authority.[1] Accordingly, this issue is inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to contain "clear and concise argument for the

---

[1] The only authority appellant cites under issue two is *Maden v. State*, 542 S.W.2d 189 (Tex. Crim. App. 1976), which he cites for the proposition that hearsay evidence is without probative value and should not be considered in reviewing the sufficiency of the evidence. That has not been the law in Texas for over 35 years. *See, e.g.*, *Chambers v. State*, 711 S.W.3d 240, 246 (Tex. Crim. App. 1986).

8

contentions made, with appropriate citations to authorities and to the record"); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) (affirming the "Court has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record'"). We therefore overrule the second issue.

We affirm the trial court's judgment.


/s/    Frances Bourliot
        Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — TEX. R. APP. P. 47.2(b).