

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00028-CR
_____

TIMOTHY EDWARD SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 23F1273-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Timothy Edward Smith pled guilty to possession of methamphetamine in an amount of one gram or more but less than four grams, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.). Pursuant to a plea agreement with the State, the trial court sentenced Smith to ten years' imprisonment and imposed a $2,500.00 fine but suspended the sentence in favor of placing Smith on community supervision for five years. Soon after, the State alleged that Smith committed another offense by again possessing a controlled substance just two days after he was placed on community supervision. As a result, the State moved to revoke Smith's community supervision. After an evidentiary hearing, the trial court found that Smith violated the terms and conditions of his community supervision by possessing a controlled substance. As a result, it revoked Smith's community supervision and reinstated its sentence of ten years' imprisonment, with a $2,500.00 fine.

In his sole point of error on appeal, Smith argues that the evidence is insufficient to support the trial court's finding that he possessed a controlled substance after being placed on community supervision. Because we find the evidence sufficient, we overrule Smith's sole point and affirm the trial court's judgment.

I. **Standard of Review**

"We will review the trial court's decision to revoke community supervision for an abuse of discretion." *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)). There is no abuse of discretion "if the order

revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision." *Id.* (citing *Rickels*, 202 S.W.3d at 763–64; *In re T.R.S.*, 115 S.W.3d at 320).

"In conducting our review, we view the evidence in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *In re T.R.S.*, 115 S.W.3d at 321).

## II.     The Evidence at the Revocation Hearing

The State presented two witnesses at the revocation hearing, Dakota Taylor, an officer with the Texarkana, Texas, Police Department, and Hannah McLelland, Smith's community supervision officer.

Taylor testified that he was dispatched to a local hospital to investigate a disturbance. According to Taylor, Smith was asking hospital employees to "have some kind of narcotics . . . tested because he was scared to take those narcotics without them being tested." Taylor testified that, when hospital staff asked Smith to present what he wanted tested, he witnessed Smith "pull[] a brown paper towel out of his pocket," which contained a "clear, crystal-like substance believed to be methamphetamine." Taylor testified that, based on his training and experience, he believed that the substance was methamphetamine. As a result, Taylor arrested Smith.

McLelland testified that she never met with Smith because he was arrested just two days after being placed on community supervision. Even so, McLelland testified that Smith signed a

copy of the terms and conditions of his community supervision, which required him to refrain from committing another offense.

## III.    Sufficient Evidence Supported the Trial Court's Finding of True

During cross-examination, Taylor admitted that, without laboratory testing, he could not be "a hundred percent certain[]" that the substance in Smith's possession at the hospital was methamphetamine.  As a result, Smith argues that the evidence is insufficient to show that he possessed a controlled substance.

In support of his argument, Smith cites two cases that stand for the proposition that, under certain circumstances, an officer's opinion about whether a defendant has possessed certain controlled substances may not alone be sufficient.  *See Manning v. State*, 637 S.W.2d 941, 943 (Tex. Crim. App. 1982) (because a police officer was not qualified to identity pills that matched the description of "numerous [innocuous] tablets appearing remarkably similar" to the controlled substance, the State failed to meet the preponderance-of-the-evidence standard in the absence of chemical testing); *Curtis v. State*, 548 S.W.2d 57, 59 (Tex. Crim. App. 1977) ("This [c]ourt has held that an experienced officer may be qualified to testify that a certain green leafy plant substance is marihuana."  "However, we are unwilling to say that an experienced officer can look at a white or brown powdered substance and testify that it is heroin since morphine, codeine, paregoric, other opiates, other controlled substances, and noncontrolled substances also appear in white or brown powdered form."); *see also Duran v. State*, 552 S.W.2d 840, 842 (Tex. Crim. App. 1977) (finding an officer's testimony that a substance was heroin insufficient to meet the beyond-a-reasonable-doubt standard).  While we agree with Smith's argument that Taylor's

4

belief that the substance was methamphetamine was not enough on its own, we find that there was other evidence from which the trial court could have determined that Smith violated a term or condition of his community supervision.

We begin by noting that the State's revocation motion did not allege what controlled substance Smith possessed or what penalty group the controlled substance was in. Instead, the State simply alleged that Smith possessed a controlled substance in an amount of one gram or more but less than four grams. It did not identify what statute Smith violated, but it was not required to do so because possession of any unprescribed controlled substance is an offense except as authorized by Chapter 481 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115–.118 (Supp.).

Here, there is evidence that Smith himself told hospital staff that he was in possession of a narcotic that he wanted to use. According to Taylor, Smith, a known methamphetamine user, was asking hospital staff to test a narcotic in his possession. As a result, the trial court was free to find that Smith, by his own words, admitted to possessing a narcotic, which is a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102–.104 (Supp.), § 481.105. Because Smith pulled out the clear, crystal-like substance from a paper towel instead of a prescription bottle, the trial court was free to find that the controlled substance was not prescribed to him. We find that, when the totality of this evidence is viewed in the light most favorable to the trial court's finding, it was sufficient to create a reasonable belief that Smith violated a term or condition of his community supervision.

We conclude that, on these facts, the State proved the allegation in its revocation motion by a preponderance of the evidence. As a result, we overrule Smith's sole point of error.

## IV. Disposition

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     September 25, 2024
Date Decided:     October 30, 2024

Do Not Publish