Robert Earl ALDRIDGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44188.

Court of Criminal Appeals of Texas.

June 21, 1972.

Second Rehearing Denied July 28, 1972.

Sam Houston Clinton, Jr., Clinton & Richards, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells, Philip A. Nelson, Jr., and Phoebe Lester, Asst. Dist. Attys., Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR RE-HEARING

DALLY, Commissioner.

Our opinion on original submission is withdrawn and the following is substituted in lieu thereof.

This is an appeal from a conviction for possession of marihuana. The trial was before the court upon a plea of not guilty; punishment was assessed at ten years imprisonment.

At approximately 4:00 p. m. on April 28, 1970, plainclothes Officer Simpson of the Austin Police Department had stopped his unmarked police vehicle for a traffic signal at the intersection of Barton Springs Road and Lamar Boulevard; Simpson had been traveling eastward on Barton Springs Road. While at the intersection Officer Simpson observed appellant and four others in a 1962 black and white Ford in the southbound lane of Lamar, stopped at a red light. One of the passengers in the Ford, whom Simpson recognized, was hanging partially out of the window. He appeared to be shouting at a woman who was in an automobile in the adjacent lane; Simpson could not clearly hear what was being said but testified that his impression at the scene was that the youth was yelling obscenities.

After appellant's vehicle had proceeded through the intersection, Officer Simpson turned south onto Lamar and followed, "The intention was to find out whether this was a carload of drunk boys; the way they were acting at the red light." Simpson saw that the Ford was speeding. He pulled to within a few car lengths of it, and clocked its speed at forty-four miles per hour in a thirty-five miles per hour zone. The officer testified that he did not stop the automobile at that time because the vehicle he was in was unmarked and he had neither a red light on top nor a hand-operated light inside with him. He testified that he did not accelerate to a position beside the Ford and try to pull the appellant over because the traffic was such that he believed it would have been hazardous to do so.

Simpson followed appellant's vehicle until they pulled into the parking lot at the Gibson's Store on Ben White Boulevard; Simpson turned on the street beside the store, stopped at another entrance to the parking area from which he could see the entire lot. He lost sight of the Ford and called other uniformed units for assistance in locating it. As Officer Simpson proceeded to park on Manchaca Road to meet the police vehicle responding to his call, he again saw appellant's automobile, this time proceeding eastward on Ben White. Simpson notified the other patrol car.

Pursuant to the radio dispatch, Officer Ferris stopped appellant on the "east frontage road—just north of [Interstate 35]" and arrested him for the speeding offense. Appellant got out of his car and accompanied Ferris to the police patrol car. The other occupants of appellant's vehicle remained in the car. Officer Love then arrived and was asked to check the identification of the other occupants of the '62

Ford. Shortly after Officer Love had appeared, Officer Simpson arrived.

■ Appellant's arrest is only challenged insofar as appellant alleges that it was "a mere pretext to justify the officers in 'checking out' occupants of the car." We reject this contention and proceed to consider the remainder of appellant's argument under his first ground of error wherein he urges "The trial court erred in denying Motion to Suppress Evidence of fruits of search of automobile driven by Appellant and in admitting in evidence State's Exhibit 2," a paper sack found in the car which contained marihuana. At the hearing conducted upon appellant's motion to suppress, Officer Love testified that he was on patrol duty in South Austin the afternoon of the arrest. Upon hearing Officer Ferris indicate on the police radio that he had stopped appellant's vehicle on the frontage road, that there were several persons in the automobile, and that Officer Ferris was leaving his own unit to approach appellant's vehicle, Officer Love went to the scene of the arrest. He testified that it is customary "for another unit to check by when there are four or five subjects in the car." When Love arrived he observed Ferris, the arresting officer, in his police car with appellant. Upon approaching Ferris, Love was asked to go to appellant's automobile in order to identify the other occupants. As Love went to appellant's Ford, leaned down and glanced inside, he smelled the odor of marihuana and saw what appeared to be a large knife on the floor in front of the driver's seat. Believing the object to be a prohibited weapon, Love opened the door, reached in and picked it up.[1] Next to it, and visible as he retrieved the "knife," was a paper sack, which he also picked up because he thought it might contain more prohibited

weapons. The sack contained fourteen packets of marihuana and was later shown to have had the fingerprints of one of the passengers, Longoria, on it. It was later learned that the knife was, in fact, a "shingle-saw" with a wood handle approximately seven inches long and a blade that folded like a pocket knife.[2]

In Taylor v. State, 421 S.W.2d 403, 407 (Tex.Crim.App.1967), this court said:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence. (citations omitted.) Under these circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered. Brown v. United States, 125 U.S.App.D. C. 43, 365 F.2d 976; United States v. One Cadillac Hardtop, D.C., 224 F.Supp. 210. This is true even if no specific statement of fact of the second arrest is made. Brown v. United States, supra."

■ Officer Love, having smelled the smoke of marihuana, having seen what appeared to be a knife with a blade more than $5\frac{1}{2}$ inches in length in plain view, and, while retrieving the knife, having further observed a sack which might contain other prohibited weapons, was justified in searching the automobile for marihuana and prohibited weapons. The seizure of the marihuana under the facts presented

1. Article 483, Vernon's Ann.P.C. provides that it is unlawful for "[a]ny person . . . [to] carry on or about his person . . . a knife with a blade over five and one half (5½) inches in length . . . ."

2. Officer Love first discovered the instrument had "a sawtype blade" when he opened it at the police station. The court, observing that State's Exhibit No. 1 "folds like a knife, but has a saw blade," allowed it to be described as either "a knife or a saw."

was not unlawful. Appellant's first ground of error is overruled. Taylor v. State, *supra*; Corbitt v. State, 445 S.W.2d 184 (Tex.Crim.App.1969); Grego v. State, 456 S.W.2d 123 (Tex.Crim.App.1970) and Forderson v. State, 467 S.W.2d 476 (Tex. Crim.App.1971).

■ Appellant next challenges the sufficiency of the evidence to show appellant's guilt. Relying upon Culmore v. State, 447 S.W.2d 915 (Tex.Crim.App.1969) and Brock v. State, 285 S.W.2d 745 (Tex. Crim.App.1956), appellant urges that proof offered by the State "does not exclude every other reasonable hypothesis except guilt of appellant." We do not agree. The marihuana was found in the automobile that belonged to appellant's mother; the appellant was the driver of the automobile at the time of the arrest; and the sack of marihuana was found under the front part of the driver's seat. Further, when Love approached the automobile he "could smell smoke of marihuana." No one was seen smoking marihuana; it is reasonable, then, to conclude the smoke was present in the automobile prior to appellant's having left it to get into the police vehicle. In Shortnacy v. State, 474 S.W.2d 713 (Tex. Crim.App.1972), this court quoted with approval from Carr v. State, 8 Ariz.App. 300, 445 P.2d 857, wherein it was said:

> "The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. Carroll v. State, 90 Ariz. 411, 368 P.2d 649 (1962). Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts. Carroll v. State, supra."

Appellant testified in his own behalf and denied having any knowledge that there was marihuana in the automobile or that it had been smoked there. He testified that Longoria had been driving the car all day and that he, appellant, had been driving another car. Appellant stated that he had gotten in his mother's car, the 1962 Ford, a short time before the arrest for the purpose of taking passengers Longoria and Hamilton "to Gibson's Discount Center, and they said a guy was supposed to pick them up there . . . that he was going to take them someplace, I don't know where they were going." He said the person to be met was not at Gibson's and that he was taking Longoria and Hamilton to the intersection of Riverside Drive and Interstate Highway 35 when he was arrested.

■ The defense testimony offered by appellant was before the trial court for its consideration. The court, as the trier of facts, is the sole judge of the credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of a witness's testimony. Nalls v. State, 476 S.W.2d 297 (Tex.Crim.App. 1972); Aguilar v. State, 471 S.W.2d 58 (Tex.Crim.App.1971); Maddox v. State, 466 S.W.2d 755 (Tex.Crim.App.1971) and Ellis v. State, 456 S.W.2d 398 (Tex.Crim. App.1970).

We conclude that the State met its burden and that the evidence is sufficient to show at least joint possession of the marihuana by the appellant. See Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610 (1960); Ochoa v. State, 444 S.W.2d 763 (Tex.Crim.App.1969) and 30A Tex.Digest, Poisons, Key Numbers 4 and 9. This ground of error is overruled.

There being no reversible error, the judgment is affirmed.

Opinion approved by the Court.