**James Dwayne ALLEN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-89-056-CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 13, 1989.

Rehearing Granted In Part
March 13, 1990.

---

2. The version of article 18.20 applicable to the cause before us.

Max Blankenship, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, James Teel, Cindy Singleton, Asst. Crim. Dist. Attys., Fort Worth, for State.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

James Dwayne Allen appeals from the revocation of his probation for the possession of amphetamine of less than twenty-eight grams. In his sole point of error, Allen contends that the trial court abused its discretion by revoking his probation on that ground because the evidence was insufficient to prove that he committed that offense.

We reverse and order the revocation set aside, order that the motion to revoke alleging that ground of revocation be dismissed with prejudice, and order that Allen's probation be reinstated, because we find that the evidence was insufficient to establish that Âllen possessed amphetamine as alleged in the motion to revoke.

Allen was stopped on June 2, 1988 in the City of Arlington for a routine traffic violation. He was arrested when the police officer making the stop observed the handle of a double-edged dagger sticking out from the armrest of the front seat. When the officer conducted an inventory search, he found a closed film canister containing baggies of amphetamine. The canister was located underneath the front-seat armrest located between Allen and his passenger. Allen had borrowed the car, which belonged to his father, to move some belongings of the passenger. The car contained numerous items of clothing belonging to the passenger.

Allen testified and denied any knowledge concerning the drugs. He said that a white powdery substance and a straw were recovered from the person of his passenger. He acknowledged that he had had a drug problem in the past, but indicated that he believed he was over it. Neither Allen's father nor the passenger testified at the hearing.

 We find that the trial court abused its discretion by revoking Allen's probation, because we find that the evidence is insufficient to establish that Allen possessed the amphetamine in question. Under the evidence, it is just as likely that Allen's father or his passenger was in sole

possession of the amphetamine as it was that Allen possessed it, either on his own or jointly with his father, the passenger, or both. There is no evidence to show that Allen was aware the amphetamine was there. *See Humason v. State*, 728 S.W.2d 363, 367 (Tex.Crim.App.1987). We find that the evidence is insufficient, even though we acknowledge that in a revocation hearing, the burden of proof is by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App. [Panel Op.] 1981).

The State argues that an affirmative link was shown between Allen and the amphetamine because Allen was driving the vehicle, and because amphetamine was an expensive drug that is unlikely to have been left by some owner of the drug. The State appears to rely on the case of *Aldridge v. State*, 482 S.W.2d 171 (Tex.Crim. App.1972), for its contention that the evidence is sufficient in view of the fact that the drug was near Allen and that he was the driver of the car. We note that an important factor in *Aldridge* was the fact that the officer could smell marijuana within the vehicle, thereby offering some proof that Aldridge, who was driving his mother's vehicle, was aware of the marijuana located in the car. In this case, there is no comparable evidence showing that Allen would have had any knowledge of the amphetamine located within the vehicle.

The State also argues that there is an affirmative link in the sense that the substance was amphetamine, an expensive drug that is unlikely to have been left by some other owner of the drug. However, the State offers no case in support of that link. If that affirmative link would ever have validity, it would not under the facts of this case. The car belonged to Allen's father. The amphetamine was hidden in a container, which in turn was hidden underneath the arm rest in the front seat. It is not, therefore, altogether unlikely that Allen's father might have left the amphetamine where the officer found it. Allen's passenger was seated in the passenger seat, right next to the amphetamine. If he were the owner, it is not unlikely that he would have left it where the officer found it. We sustain Allen's sole point of error.

We reverse and set aside the order granting revocation of probation, order the motion to revoke alleging that ground of revocation to be dismissed with prejudice, and order that Allen's probation be reinstated.

## OPINION ON REHEARING

In its motion for rehearing, the State urges that we erred in finding that the evidence was insufficient to support the revocation of Allen's probation and that we erred by dismissing the revocation proceeding with prejudice.

We agree that we erred by dismissing the revocation proceeding with prejudice, but we do not agree that we erred in finding that the evidence was insufficient to support the revocation of Allen's probation. Accordingly, we grant the State's motion for rehearing in part, and reverse and remand for further proceedings.

The State insists that we did not follow the proper standard of review and that we did not construe the evidence in a manner favorable to the trial court's findings. We will first consider the State's contention that we did not construe the evidence in a manner favorable to the trial court's findings.

The only statements of fact that the State complains of are our statements of fact that Allen borrowed the car to move some belongings of his passenger and that the clothing in the car belonged to the passenger. We did not mention these facts particularly in support of our holding, but as part of the background of the case. These facts were not disputed in the State's brief, and we did not and do not consider them as particularly important in our analysis. Accordingly, in reconsidering the question as to whether the evidence was sufficient to support the revocation of Allen's probation, we will not consider those facts to have been established.

We next consider the State's claim that we have not followed the proper standard of review, and that under the correct stan-

dard the evidence is sufficient to support the revocation. In our opinion we acknowledged that the burden of proof is that of the preponderance of the evidence. We agree with the State's argument that we must determine whether any rational trier of fact could have found Allen guilty of violating his probation by a preponderance of the evidence.

As we noted in our opinion, it has been held that the State does not meet its burden in cases in which the burden is beyond a reasonable doubt in the absence of an affirmative link between the accused and the contraband he is alleged to have possessed. The issue, then, is whether the evidence is also insufficient, in the absence of such an affirmative link, to support a revocation of probation where the burden of proof is by a preponderance of the evidence. We hold that such evidence is insufficient in the absence of an affirmative link between the accused and the contraband from which the finder of fact may reasonably infer the accused's knowledge of the presence of the contraband.

The State particularly objects to our statement that under the evidence that it was just as likely that Allen's father or his passenger possessed the contraband, asserting that because such language has been used in the analysis of cases involving the "beyond a reasonable doubt" standard, then we must have erred in using that same language in considering this case involving the "preponderance of the evidence" standard.

"Preponderance of the evidence" has been defined as the greater weight and degree of credible testimony. *Davenport v. Cabell's, Inc.*, 239 S.W.2d 833 (Tex.Civ. App.—Texarkana 1951, no writ). It follows that the State is required to establish Allen's guilt by the greater weight and degree of credible testimony. If, when considering the credible testimony, it is just as likely that someone other than Allen is guilty, the State has failed to show Allen's guilt by the greater weight and degree of credible testimony. We therefore do not find that the use of that language is inappropriate in an analysis of the evidence when the burden of proof is by a preponderance of the evidence. If that language is appropriate in a case in which the burden of proof is by a preponderance of the evidence, then it is certainly appropriate in a case in which the burden of proof is beyond a reasonable doubt. Therefore, the fact that it has been used in those cases does not mean that it is inappropriate in a case where the burden of proof is by a preponderance of the evidence. We overrule those points in the motion for rehearing that deal with our analysis of the sufficiency of the evidence.

The State also urges that we erred by ordering that the motion to revoke be dismissed with prejudice in view of the fact that the evidence to support the revocation was insufficient. The State relies on the cases of *Manning v. State*, 637 S.W.2d 941, 943 (Tex.Crim.App.1982) and *Ex parte Byrd*, 752 S.W.2d 559, 562–63 (Tex.Crim. App.1988). Having reviewed those authorities, we agree with the State's position and sustain that point of error on rehearing.

Accordingly, we set aside our former judgment, and order that this cause be reversed and remanded for further proceedings.