In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00001-CR


______________________________




JOHN WESLEY WALSH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 14,971




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 John Wesley Walsh appeals from his verdict of burglary of a habitation. See Tex. Penal
Code Ann. § 30.02 (Vernon 2003). The sentence was imposed October 15, 2008. Walsh filed a
motion for new trial November 17, 2008, by hand delivering it to the District Clerk of Upshur
County. He filed his notice of appeal December 30, 2008.

 Walsh had thirty days after the day sentence was imposed to file a notice of appeal, or to
timely file a motion for new trial and thereby extend his time to file a notice of appeal. See Tex. R.
App. P. 21.4, 26.2(a)(1). The thirty days expired Friday, November 14, 2008. Walsh filed his
motion for new trial November 17, 2008, by hand delivery. It was not timely. His notice of appeal
was thus due on or before November 14, 2008, but was not filed until December 30, 2008. A late notice of appeal invokes the appellate court's jurisdiction only if (1) it is filed within
fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court
of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court
of appeals grants the motion for extension of time. Olivo v. State, 918 S.W.2d 519 (Tex. Crim. App.
1996). Further, when a notice of appeal is filed within the fifteen-day period but no timely motion
for extension of time is filed, the appellate court lacks jurisdiction. Id. (citing Rodarte v. State, 860
S.W.2d 108 (Tex. Crim. App. 1993)). 

 The Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of Appellate
Procedure strictly to require an appellant in a criminal case to file his or her notice of appeal and a
motion for extension of time within the fifteen-day period for filing a late notice of appeal. Id. at
522-26; see Tex. R. App. P. 26.3. The Texas Court of Criminal Appeals has expressly held that,
without a timely-filed notice of appeal or motion for extension of time, we cannot exercise
jurisdiction over an appeal. See Olivo at 522; see also Slaton v. State, 981 S.W.2d 208, 209 n.3
(Tex. Crim. App. 1998). This appeal is untimely brought, and we are without jurisdiction to hear
this case.

 We dismiss this appeal for want of jurisdiction. 


 Jack Carter

 Justice


Date Submitted: February 18, 2009

Date Decided: February 19, 2009


Do Not Publish




mes New Roman', serif">                                              

On Appeal from the 208th Judicial District Court
Harris County, Texas
Trial Court No. 797033


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Robert Dodd appeals from the revocation of his community supervision. The trial court
sentenced him to eight years' imprisonment. In the underlying case, Dodd was originally placed on
ten years' community supervision June 12, 2000, on a charge of indecency with a child. Dodd
contends on appeal the trial court committed reversible error during the revocation proceeding by
admitting computer documents that are hearsay, by admitting testimony by a polygraph examiner
about Dodd's deceptiveness, and abused its discretion by revoking community supervision because
the evidence was insufficient to support revocation. 
             Dodd was wearing an electronic ankle monitor. The court revoked his community
supervision based on a single violation of his curfew.



            Dodd first contends the trial court erred by admitting documents generated by the General
Security Services Corporation (GSSC), the company that oversees electronic monitoring of those
on community supervision. Those documents were transmitted to the community supervision office
by GSSC and were evidently part of Dodd's community supervision file. The documents show he
was outside his residence at 3:34 a.m.


 
            The problem is those documents were not marked, introduced, or admitted into evidence. 
It is apparent, however, from two statements made during closing arguments, that both counsel
erroneously thought the documents had been admitted.
[Defense Counsel]: . . . . The documents that you allowed into evidence attached to
that probation file were documents that are hearsay.
 
THE COURT: What documents I allowed into evidence?
 
[Defense Counsel]: The probation file.
 
THE COURT: Oh, the probation file. 
 
. . . . 
 
[Prosecutor]: Your Honor, the evidence you have in this case before you is basically
the probation file. And the probation file includes documents from the corporation
in this case that does the monitoring for this department . . . . Those documents
specifically state when the Defendant enters and leaves his residence and in those
documents it states that the Defendant left his residence on October 22nd of 2002,
at 3:30 in the morning. 

            Regardless of what counsel may have thought, the record shows beyond any doubt the
documents were not introduced or admitted as evidence. Thus, they were not retained by the court
reporter as exhibits, and they also do not appear in any portion of the appellate record. 
            It is the appealing party's burden to ensure that the record on appeal is sufficient to resolve
the issue he or she presents. Guajardo v. State, 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003);
see Rowell v. State, 66 S.W.3d 279, 282 (Tex. Crim. App. 2001) (under Tex R. App. P. 34.6, "[i]t
is no longer necessary, or sufficient, for a party to argue that the appeal should be decided by
hypotheses about missing portions of the record"; each party must "determine what is necessary for
a record to be so complete as to enable the appellate court to decide the point of error (including its
preservation and its effect)").
            Each party is required to see that the reporter's record contains all the appellate court needs. 
Rowell, 66 S.W.3d at 282. The appellant once bore the burden of presenting a record that
demonstrated error, but the rule that so burdened the appellant was revised in 1997. The current
rules do not assign a burden to either party, so the appellant could not have failed to satisfy them by
presenting a partial record—and in this case, the appellant requested and obtained a complete record. 
            We presume the State would also take the position that any omission in the record Dodd
presents is presumed to support the trial court's ruling. However, as the Texas Court of Criminal
Appeals pointed out explicitly in Rowell, such a presumption does not support that argument. "That
the omitted portion of the record might support the trial court's ruling does not affect a holding that
the record as presented shows conclusively that the trial court committed error. But, be that as it
may, such a presumption can no longer exist after the recent amendments to the Rules of Appellate
Procedure . . . ." Id. at 281.
            We recognize that there is authority stating that, in several contexts, but most often in the
context of a guilty plea, when the clerk's record contains a document clearly considered as evidence
by the trial court, if the parties treated the evidence as having been admitted, the appellate courts will
treat it as such despite the lack of formal admission into evidence. Killion v. State, 503 S.W.2d 765
(Tex. Crim. App. 1973), approved, Pitts v. State, 916 S.W.2d 507 (Tex. Crim. App. 1996); see also
Voelkel v. State, 629 S.W.2d 243, 247 (Tex. App.—Fort Worth 1982), aff'd, 717 S.W.2d 314 (Tex.
Crim. App. 1986) (in which a cigarette case (that had contained amphetamine) was treated as
admitted into evidence and retained by the trial court, coupled with a chemist's testimony as to the
identification of its contents, provided evidence sufficient to support the conviction).
            Similarly, in Reagan, referring to the Killion decision, the court concluded that, although a
Texas governor's warrant was neither formally introduced nor admitted into evidence, it was treated
by the court and the parties as if it had been admitted. The court recognized, however, the warrant
was in the record before it and appeared proper, and thus declined to reverse the judgment of the trial
court. Ex parte Reagan, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977); see Kissinger v. State, 501
S.W.2d 78, 79 (Tex. Crim. App. 1973) (where the record indicated the trial court considered
defendant's written judicial confessions, they were part of the record and supported the judgment
although the court never formally stated confessions had been admitted—the documents were part
of the clerk's record); Richardson v. State, 475 S.W.2d 932, 932–33 (Tex. Crim. App. 1972)
(although exhibits were not formally introduced into evidence, the record indicated they were
accepted by the trial court and were, thus, sufficient to support conviction); Fuller v. State, 30
S.W.3d 441, 446 (Tex. App.—Texarkana 2000, pet. ref'd) (op. on reh'g) (court did not formally
admit a letter into evidence, but took judicial notice of it); Lara v. State, 962 S.W.2d 148, 151 (Tex.
App.—San Antonio 1998, no pet.) (treating stipulations as admitted into evidence because the court
considered them); Rexford v. State, 818 S.W.2d 494, 495–96 (Tex. App.—Houston [1st Dist.]), pet.
ref'd, 823 S.W.2d 296 (Tex. Crim. App. 1991) (document, which included appellant's confession to
all elements of sexual assault, was on file with and approved by the trial court; thus, it was accepted
and considered by the court).



            The problem here exists on several levels. The documents are not part of the appellate
record. They were not retained by the court reporter because they were not introduced into evidence. 
Texas Rule of Appellate Procedure 34.6 governs the presentation of the reporter's record on appeal,
and it provides that the record "consists of the court reporter's transcription of so much of the
proceedings, and any of the exhibits, that the parties to the appeal designate." Tex. R. App. P. 34.6. 
Unlike the cases cited above that provide "waffle room" when an accidental omission occurs, in our
case, the documents also do not appear in any other portion of the record. We simply do not have
them. Under the current rules, as set out above, it is the duty of each party to see that the record is
sufficient to support the party's position. 
            We now turn to our review of the sufficiency of the evidence to support revocation. The
State's burden of proof on a motion to revoke community supervision is lower than the burden of
proof necessary for criminal conviction. The State need only prove by a preponderance of the
evidence that the terms of community supervision were violated. Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993); Cardona v. State, 665 S.W.2d 492 (Tex. Crim. App. 1984). 
"Preponderance of the evidence" has been defined as the greater weight and degree of credible
testimony. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (1935); Allen v. State, 786 S.W.2d
738, 741 (Tex. App.—Fort Worth 1989) (op. on reh'g), pet. dism'd, 841 S.W.2d 7 (Tex. Crim. App.
1992). It follows that the State is required to establish guilt by the greater weight and degree of
credible testimony. 
            This standard is met when the greater weight of the credible evidence creates a reasonable
belief that the defendant violated a condition of his or her community supervision as the State
alleged. Martin v. State, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981); Allbright
v. State, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). In a community supervision
revocation hearing, the trial court is the sole trier of fact. Jones v. State, 787 S.W.2d 96, 97 (Tex.
App.—Houston [1st Dist.] 1990, pet. ref'd). The trial court also determines the credibility of the
witnesses and the weight to be given their testimony. Id. It may accept or reject any or all of the
witnesses' testimony. Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).
            Robin Rogers, a community supervision officer for the Harris County Community
Supervision and Corrections Department, testified on direct examination that the terms of Dodd's
community supervision required him to remain inside his home except during certain time periods. 
Rogers also testified there was no provision that would allow Dodd to leave his residence at 3:30
a.m. on any day. On direct examination, Rogers was never asked, and did not testify that, Dodd was
actually away from his residence at 3:30 a.m. On cross-examination, Rogers was questioned
extensively about the electronic monitoring system and explained that he had been notified by GSSC
the electronic monitoring system showed a violation. Redirect examination does not provide any
further relevant information.
            Gabriel Barr, an employee of GSSC, testified about his duties as an employee of the
company, installation of the equipment, the equipment involved in home monitoring, and that their
information all showed it was working properly the entire time during which it was being used. 
            The only remaining witness, John Swartz, a polygraph examiner, did not testify about any
curfew violation.
            Dodd contends there is no evidence in the record to support the revocation. He is correct. 
The State would undoubtedly argue there was evidence—but it is not in the appellate record as filed,
nor (as revealed by our request to the district clerk's office) is it in the record, and the State made no
effort to make such a record at either level. In addition, the weight of authority is that, at this
juncture, a new record cannot simply be created. We cannot say that the record is defective or that
some portion of it was omitted by the court reporter or clerk, because that would inaccurately imply
some error on their parts, when those officials did exactly what they were supposed to do. 
            In the complete absence of any evidence to support the trial court's revocation of Dodd's
community supervision, we sustain the point of error. 
            The trial court's order of revocation is reversed, and Dodd's community supervision is
reinstated. 
 

                                                                        Jack Carter
                                                                        Justice

Date Submitted:          January 7, 2004
Date Decided:             January 8, 2004

Do Not Publish