



# MEMORANDUM OPINION

No. 04-10-00411-CR

Edward **VILLARREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 300753
Honorable Linda F. Penn, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice, concurring in the judgment only

Delivered and Filed:  February 9, 2011

AFFIRMED

This case arises from the denial of Appellant Edward Villarreal's motion to suppress evidence of marihuana discovered in his backpack.  Villarreal argues that the evidence was obtained through an unreasonable search.  We affirm the trial court's order.

## BACKGROUND

Villarreal, while riding his bicycle down a public roadway at night, was pulled over by Officer Ellis for lacking required lights and running a stop sign.  Villarreal ignored Officer

Ellis's instructions to stand by the police car and, instead, tried to stand behind Officer Ellis. While frisking Villarreal, Officer Ellis smelled burnt marihuana emanating from Villarreal's backpack. Officer Ellis asked Villarreal for consent to search his backpack, but Villarreal declined. Officer Ellis searched Villarreal's backpack and discovered a baggie of marihuana and a partially smoked marihuana cigarette. Villarreal was charged with possession of marihuana. After his motion to suppress was denied, Villarreal pled no contest to the offense. Villarreal appeals the denial of his motion.

## MOTION TO SUPPRESS

We review a trial court's order on a motion to suppress under a bifurcated standard, affording almost total deference to the trial court's factual determinations. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). If the resolution of the issues turns on the evaluation of a witness's credibility and demeanor, we afford the same level of deference to a trial court's ruling on "application of law to fact questions," or "mixed questions of law and fact." *Amador*, 221 S.W.3d at 673 (internal quotes omitted). If not, we review the application of law to the facts de novo. *See id.*

Routine traffic stops are investigative detentions that must be based on reasonable suspicion. *Martinez v. State*, 236 S.W.3d 361, 369 (Tex. App.—Fort Worth 2007, pet. ref'd, untimely filed) (citing *Berkemer v. McCarty*, 468 U.S. 420, 436 (1984)). These investigative detentions are governed by the two-pronged test in *Terry v. Ohio*, 392 U.S. 1 (1968). *See id.* First, a court must determine whether the officer's action was justified at its inception. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Second, the search and seizure must be reasonably related in scope to the circumstances that justified the stop. *Id.*

In determining whether the officer's action was justified at its inception under the first prong of *Terry*, a court must consider whether the testifying officer has pointed to "specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). "These facts must amount to more than a mere hunch or suspicion." *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005).

Here, Officer Ellis testified that he observed Villarreal commit two traffic violations: riding a bicycle without required lights and running a stop sign. *See* TEX. TRANSP. CODE ANN. §§ 551.101, 551.104(b)(1)(2) (West 2010). Because there is evidence to support the trial court's finding that Officer Ellis had reasonable suspicion to detain Villarreal for violating traffic laws, Officer Ellis's detention of Villarreal was justified at its inception.

Next, in deciding whether the scope of the seizure is reasonably related to the circumstances that justified the stop, a court measures reasonableness in objective terms by examining the totality of the circumstances. *Ford*, 158 S.W.3d at 492; *Kothe*, 152 S.W.3d at 62–63. Once an officer makes a valid stop for a traffic offense, the officer may search the suspect for evidence of any other offense for which the officer unexpectedly acquires probable cause while investigating or questioning the suspect. *See Atwood v. State*, 509 S.W.2d 342, 344 (Tex. Crim. App. 1974).

Officer Ellis testified that Villarreal was wearing his backpack when he was patting down Villarreal. He also testified that he smelled burned marihuana emanating from Villarreal's backpack as he was searching Villarreal's person for weapons. During the legitimate detention of a defendant, the smell of marihuana may give an officer additional probable cause to justify a

search.  *See Razo v. State*, 577 S.W.2d 709, 710–11(Tex. Crim. App. 1979); *see also Aldridge v. State*, 482 S.W.2d 171, 173–74 (Tex. Crim. App. 1972) ("[The] [o]fficer . . . having smelled the smoke of marihuana, [and] having seen what appeared to be a knife with a blade more than 5 1/2 inches in length in plain view, . . . was justified in searching the automobile for marihuana . . . ."); *Longoria v. State*, 747 S.W.2d 50, 52 (Tex. App.—San Antonio 1988, no writ) ("Once appellant opened the back of the vehicle, the first officer and then the second officer smelled the odor of marijuana.  Probable cause arose at that time for the officer to believe a crime had been or was being committed.").  Thus, Officer Ellis had probable cause to search the back pack for marijuana.  *See Razo*, 577 S.W.2d at 710–11; *Aldridge*, 482 S.W.2d at 173–74; *Longoria*, 747 S.W.2d at 52.

## CONCLUSION

We, therefore, affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH