# NO. 12-11-00365-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MATTHEW MASON MCKNIGHT,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Matthew Mason McKnight was charged by indictment with two counts of possession of a controlled substance with intent to deliver. A jury found Appellant guilty on both counts, and the trial court assessed his punishment at imprisonment for thirty years for count one and twenty years for count two. Appellant presents three issues on appeal. We affirm.

## BACKGROUND

At approximately 6:30 p.m., Gary Richards was in his car parked in the Kroger's parking lot in Palestine, Texas, waiting for his wife to finish getting groceries. He saw a new model Chevrolet park in the parking lot twenty-five to thirty yards from his vehicle. No one got out of the new Chevrolet. Shortly after its arrival, a "beat up" old car pulled up beside the Chevrolet. Its driver got out of the car and entered the back seat of the Chevrolet. He remained there thirty seconds and then returned to his car and left. Almost immediately, another nondescript vehicle parked beside the Chevrolet. Its driver entered a rear door of the Chevrolet, remained less than a minute, and left.

Richards believed what he had witnessed was consistent with drug dealing. He called 911, reported what he had seen, and gave the make, color, license number, and location of the Chevrolet.

Corporal Brian Lintner of the Palestine Police Department responded to the police dispatcher's call to investigate suspected drug activity in a newer model black Chevrolet Impala, Texas license number PN0223, parked in Kroger's parking lot. Corporal Lintner located the Chevrolet identically matching the dispatcher's description and parked behind it. As he pulled up behind the Chevrolet, he observed its two occupants look back nervously several times. As Corporal Lintner approached the driver's side of the Chevrolet, he saw the driver "make a furtive movement" toward the map pocket of the driver's door in an apparent effort to conceal something. The driver gave Corporal Lintner his driver's license, which identified him as Matthew Mason McKnight, Appellant. Corporal Lintner noticed that Appellant had two wallets, his and one belonging to someone else. The other occupant identified himself as Andrew Lee Gaston, Jr.

Both occupants of the Chevrolet were very large and Corporal Lintner was alone, so he delayed asking them to exit their vehicle until backup came. Officer Richard Welch arrived almost immediately. Corporal Lintner then asked Appellant to step out of the vehicle. As Appellant was getting out of the Chevrolet, Corporal Lintner observed a small amount of a green leafy substance on Appellant's shirt that he believed to be marijuana. He also noticed the odor of marijuana about Appellant. A pat down disclosed no weapons. Corporal Lintner then had Appellant remain with Officer Welch, while he went to the passenger side of the Chevrolet and asked Gaston to step out of the car. As Gaston exited the car, Corporal Lintner saw a brown plastic bottle protruding from the map pocket on the driver's door. Corporal Lintner believed the bottle contained PCP, because it was the kind of container typically used to contain PCP.

Corporal Lintner believed he had probable cause to search the car based upon his observation of marijuana on Appellant's shirt, the odor of marijuana when Appellant got out of the car, and the suspicious pill bottle located where he thought Appellant was attempting to hide something as he initially approached Appellant's vehicle.

In the driver's door map pocket, Corporal Lintner found what he thought was marijuana wrapped in tin foil. The contents of the suspicious brown plastic bottle field tested positive for PCP. In the center console, he found several bottles of prescription medication. One bottle,

according to its label, contained six dihydrocodeinone pills prescribed for Appellant out of the original 120. Another bottle prescribed for Paul Byars and supposed to contain 120 hydrocodone tablets actually contained 161 tablets. Another bottle held a prescription for Willie Lee Gill, Jr. The prescription was for hydrochlorothiazide, twenty-five milligrams. The bottle contained thirty pills out of the thirty prescribed. Another prescription bottle was supposed to contain twenty 800 milligram ibuprofen tablets prescribed for Francesca Ealy. A search of the trunk yielded six more prescription bottles containing pills apparently prescribed for Appellant. Corporal Lintner also seized a wallet containing Channing Nichole Johnson's driver's license, her Harris County Offender I.D. card, and $115.00. Efforts to contact Mrs. Johnson to return her wallet were unsuccessful.

Laboratory analysis showed the material seized contained 19.07 grams of phencyclidine, 5.01 grams of marijuana, 135.66 grams of dihydrocodeinone, and 18.09 grams of ibuprofen.

## MOTION TO SUPPRESS

In his first issue, Appellant contends the trial court erred in denying his motion to suppress and in subsequently admitting all evidence attributable to the search at trial.

### Standard of Review

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). The trial court is given almost complete deference in its determination of historical facts and to its rulings on the application of the law to questions of fact and to mixed questions of law and fact, if resolution of those questions depends on an evaluation of credibility and demeanor. *Id*. However, for mixed questions of law and fact that do not fall within that category, a reviewing court may conduct a de novo review. *Id*.

When the trial court does not make express findings of fact, the appellate court must view the evidence in the light most favorable to the trial court's ruling, assuming that it made any implicit findings of fact that are supported by the record. *Id*. The reviewing court must sustain the trial court's ruling if the decision is correct under any applicable legal theory. *Id*. We review de novo whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion of criminal activity. *Id*. at 48-49.

3

**Applicable Law**

An officer is ordinarily justified in briefly detaining a person on less than probable cause for the purpose of investigating possibly criminal behavior where the officer can "point to specific and articulable facts, which, taken together with rational inferences from those facts reasonably warrant [the] intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968); *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The officer's suspicion may be based on an informant's tip that bears sufficient "indicia of reliability" to justify a detention. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). "[I]nformation provided to police from a citizen-informant who identifies himself and may be held to account for the accuracy and veracity of his report may be regarded as reliable." *Derichsweiler v. State*, 348 S.W.3d 906, 914-15 (Tex. Crim. App. 2011). It is the cumulative information known to the cooperating officers at the time of the stop that is to be considered in determining whether reasonable suspicion exists. *Id*. at 914. "A 911 police dispatcher is ordinarily regarded as a 'cooperating officer' for the purpose of making this determination." *Id*.

The reasonableness of a given detention turns on the circumstances of the particular case. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). Law enforcement personnel may conduct a limited search for weapons of a suspect's outer clothing, even in the absence of probable cause, when an officer reasonably believes that the suspect is armed and dangerous. *Terry*, 392 U.S. at 27, 88 S. Ct. at 1883; *Carmouche*, 10 S.W.3d at 329. The reasonableness of the officer's belief can depend on the type of suspected criminal activity. *Carmouche*, 10 S.W.3d at 330. Since weapons and violence are part and parcel of the drug trade, "it is not unreasonable to suspect a dealer in narcotics may be armed." *Id*. (quoting *United States v. Post*, 607 F.2d 847, 851 (9th Cir. 1979)).

The odor of marijuana emanating from a vehicle gives rise to probable cause for officers to search a vehicle for controlled substances. *Aldridge v. State*, 482 S.W.2d 171, 173 (Tex. Crim. App. 1972); *Longoria v. State*, 747 S.W.2d 50, 52 (Tex. App.–San Antonio 1988, no pet.).

**Discussion**

Corporal Lintner arrived at the Kroger parking lot and identified the automobile whose license number, make, and color matched the description relayed to him by the police dispatcher. The dispatcher also reported that the occupants were possibly engaged in drug dealing. Upon

4

approaching, he observed what he believed was the driver's furtive attempt to hide something in the map pocket of the driver's door. At this point, the information known to the police and the partial confirmation of its accuracy, coupled with Corporal Lintner's observations, gave him reasonable suspicion that Appellant was engaged in criminal activity sufficient to justify an investigatory detention or stop. The nature of the crime suspected, narcotics trafficking, dictated that he verify the occupants were not armed. *See Carmouche*, 10 S.W.3d at 330. When Appellant stepped out of the car, Corporal Lintner's observation of marijuana on Appellant's shirt, the odor of marijuana, and the suspected PCP bottle in plain view gave him probable cause to believe the vehicle contained contraband. This justified his search of Appellant's vehicle that disclosed Appellant's mobile pharmacy.

Appellant's first issue is overruled.

### JURY INSTRUCTION

In his second issue, Appellant maintains the trial court erred in not including in its charge Appellant's "clarifying" instruction in regard to the issue of lawful search and seizure. The requested instruction reads as follows:

> You are instructed that under our law no evidence obtained or derived by an officer or other person as a result of Unlawful Detention shall be used as evidence against such accused. An officer is permitted to make a temporary investigative detention of a person if the officer has specific articulable facts, which taken together with rational inferences from those facts, lead the officer to conclude that the person continued to be detained actually has been or soon will be engaged in criminal activity. That bearing in mind if you find from the evidence that on the occasion in question that officer Lintner did not have a reasonable belief that the Defendant McKnight had not been detained nor soon would be engaged in criminal activity or you have a reasonable doubt that you will also consider the following question[.]

> If you further find from the evidence that on the occasion in question that officer Lintner had no specific articulable facts to support a reasonable belief that the Defendant McKnight had been or soon would be engaged in criminal activity or if you have a reasonable doubt that such continued detention of Defendant McKinght [sic] would be illegal. If you find the fact so to be or you have a reasonable doubt then you will acquit the defendant[.]

## Applicable Law

Article 38.23(a) of the Texas Code of Criminal Procedure provides that no evidence in violation of the constitution or laws of the United States or of Texas shall be admitted in evidence

5

against the accused. When the legal evidence raises an issue under Article 38.23, "the jury shall be instructed that if it believes, or has a reasonable doubt that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

The defendant must satisfy three requirements before he is entitled to the submission of a jury instruction under Article 38.23(a).

> (1) The evidence heard by the jury must raise an issue of fact;
> (2) The evidence on that fact must be affirmatively contested; and
> (3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). "If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law." *Id*. "The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id*. at 511.

**Discussion**

Appellant's requested instruction did not ask the jury to decide a disputed issue of historical fact. The requested instruction directed the jury to acquit Appellant if they had a reasonable doubt that Corporal Lintner had specific articulable facts to support a reasonable belief that Appellant had been or soon would be engaged in criminal activity. None of the facts in evidence supporting Corporal Lintner's belief that Appellant had been or soon would be engaged in criminal activity were disputed. Whether the facts adduced at trial raised a reasonable suspicion justifying the investigatory detention of Appellant was a question of law for the trial judge to determine. A cross-examiner cannot create a factual dispute merely by his questions. *Id*. at 514. "It is only the answers that are evidence and may create a dispute." *Id*.

Appellant's second issue is overruled.

**SUFFICIENCY OF THE EVIDENCE**

In his third issue, Appellant contends that the evidence is insufficient to support his conviction.

**Standard of Review**

In reviewing a challenge to the sufficiency of the evidence, an appellate court must view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found all of the essential elements of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

**Applicable Law**

To obtain a conviction under count one of the indictment, the State was required to prove that Appellant did knowingly possess, with intent to deliver, phencyclidine in an amount of four grams or more but less than two hundred grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112, 481.102(8) (West 2010). To convict on count two, the State was required to establish that Appellant did knowingly possess, with intent to deliver, a material, compound, mixture, or preparation in an amount of twenty-eight grams or more but less than two hundred grams, that contained not more than fifteen milligrams per dosage unit of dihydrocodeinone. TEX. HEALTH & SAFETY CODE ANN. §§ 481.114(a), (c), 481.104(a)(4) (West 2010).

**Discussion**

Appellant concedes the evidence is sufficient to show possession, but he contends it is insufficient to prove intent to deliver.

Mr. Richards observed Appellant's car parked in the parking lot. Its occupants did not get out. Within a short time, an old car parked beside Appellant's vehicle. Its driver got out and got into the back seat of Appellant's car where he remained for less than a minute. Within minutes, another car parked beside Appellant's and the scene was repeated. Richards inferred from what he saw that the occupants in Appellant's car were selling drugs. The variety, the amount, and the diverse sources of the drugs seized belie the notion that the drugs were for Appellant's personal use. PCP is consumed by dipping a cigarette in the liquid and then smoking the cigarette. The evidence showed that PCP is customarily sold by the dip. Although the amount of PCP found in Appellant's automobile may seem small, there was enough in the bottle seized for many dips.

A rational trier of fact could readily infer from the facts and circumstances in evidence that, beyond a reasonable doubt, Appellant intended to sell the store of drugs he possessed.

Appellant's third issue is overruled.

7

## DISPOSITION

The judgment of the trial court is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2013**

**NO. 12-11-00365-CR**

**MATTHEW MASON MCKNIGHT**,
Appellant
v.
**THE STATE OF TEXAS**,
Appellee

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No.30056)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and he same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUGED and DECREED that the judgment of the court below be in all things **affirmed** and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*